(6 Misc. Rep. 440.)

### KURZMANN v. NEW YORK & R. B. R. CO.

(City Court of Brooklyn, General Term.   January 22, 1894.)

CARRIERS—INJURY TO PASSENGER—EVIDENCE.

A judgment against a railroad company for injuries to a passenger while alighting from a train will be reversed where there is no satisfactory evidence that defendant was the owner or lessee in possession of the train or the tracks, or was the employer of those in charge of the train, and there is no proof that defendant owns any road or tracks.

Appeal from trial term.

Action by Lena Kurzmann against the New York & Rockaway Beach Railroad Company for personal injuries.   From a judgment in favor of plaintiff, defendant appeals.   Reversed.

Argued before CLEMENT, C. J., and VAN WYCK, J.

Wm. C. Beecher, for appellant.

Hurd & Grim, for respondent.

VAN WYCK, J.   In the complaint it is alleged that defendant is a corporation, and a common carrier of passengers between Flatbush avenue, Brooklyn, and Rockaway Beach, Queens county, and was or is the owner or lessee in possession of the engines, cars, tracks, and switches operated and used by it between said termini, and the employer of the conductors, engineers, and brakemen employed in and about said engines and cars; and that plaintiff was injured while alighting at Franklin avenue station, Brooklyn, from one of said cars, through the negligence of those in charge thereof.   The answer denies every allegation except that defendant is a corporation.   From the judgment in favor of plaintiff, this appeal is taken.

A careful perusal of the testimony discloses no satisfactory evidence that defendant was the owner or lessee in possession of the train or the tracks, or the employer of those in charge of the train. There is no proof of what, if any, roadbeds or tracks the defendant owns, or where the same begin or end;  and it is uncontroverted that this train, at the time of the accident, was on Atlantic avenue, Brooklyn, at Franklin avenue station, on the tracks of the Long Island Railroad Company.   There is evidence that the latter company runs trains over the track from Rockaway Beach to this station.   Whether or not the train in question was in charge of defendant ought to be capable of easy proof.   Judgment and order must be reversed, and new trial granted, with costs to appellant to abide the event.

---

(6 Misc. Rep. 430.)

### HITCHINGS v. BROOKLYN EL. RY. CO.

(City Court of Brooklyn, General Term.   January 22, 1894.)

ELEVATED RAILROADS—INJURY TO ABUTTERS—EVIDENCE.

In an action for injury to real estate, caused by the construction of an elevated railroad in the street, evidence of the comparative increase of similar property in the immediate neighborhood is admissible.

Appeal from trial term.

Action by Benjamin G. Hitchings against the Brooklyn Elevated Railway Company. Judgment was rendered in favor of plaintiff for $25, and plaintiff appeals. Reversed.

Argued before CLEMENT, C. J., and VAN WYCK, J.

H. M. Hitchings, for appellant.

Hoadly, Lauterbach & Johnson, for respondent.

VAN WYCK, J. This is an action in equity to compel defendant, as a condition of avoiding an injunction against its further use of the street, to pay the plaintiff compensation for his land taken in the street, and for damage to his adjacent premises by the structure of an elevated railway, and the continuous operation thereof. The trial resulted in a judgment for $25 damages in favor of plaintiff, from which he appeals. Among other rulings which he insists were errors harmful to his claim was that excluding evidence of the comparative increase of similar property in the immediate neighborhood, viz. on the nearest part of the two nearest streets. The court of appeals has held such testimony admissible, and in fact, while discussing the inadmissibility of the general opinion of an expert as to what would have been the value of certain premises if the railroad had not been built, suggested that evidence of the comparative increase in value of similar property in the neighborhood furnished proper data for the consideration of the jury or court on the question sought to be established by such general opinion or conclusion of the expert. Roberts v. Railroad Co., 128 N. Y. 455, 473, 28 N. E. 486; Becker v. Railway Co., 131 N. Y. 509, 511, 513, 30 N. E. 499. Judgment must be reversed, and new trial granted, with costs to abide the event.